UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SYTERIA HEPHZIBAH,

    Plaintiff,

v.                                      Case No. 4:22-cv-161-WS/MJF

ANGELA COTE DEMPSEY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Despite the undersigned affording Plaintiff three opportunities to supplement and clarify her allegations in amended complaints, Plaintiff's third amended complaint is a so-called "shotgun" pleading that violates the Federal Rules of Civil Procedure. Plaintiff repeatedly has refused to comply with the undersigned's orders to correct the deficiencies in her amended complaints. The District Court, therefore, should dismiss this civil action.

### I. BACKGROUND

On April 18, 2022, Plaintiff initiated this civil-rights action. Doc. 1. On April 25, 2022, because Plaintiff's complaint violated the Local Rules of the United States District Court for the Northern District of Florida, the undersigned ordered Plaintiff to file a notice of dismissal or an amended complaint. Doc. 5.

Afterwards, Plaintiff filed a first and second amended complaint. Docs. 6, 8. In her first amended complaint, Plaintiff attempted to assert claims under § 916.17(3) of the Florida Statutes; the Speedy Trial Act of 1974; and the Fifth, Sixth, and Fourteenth Amendments. Doc. 6 at 11-13. In her second amended complaint, Plaintiff attempted to assert claims under the Fifth, Sixth, and Fourteenth Amendments and a "Violation of Bankruptcy Discharge Injunction" claim. Doc. 8 at 9-12, 15.

Because Plaintiff's first and second amended complaints were "shotgun" pleadings which violated the Federal Rules of Civil Procedure, the undersigned twice ordered Plaintiff to file a notice of dismissal or an amended complaint. Docs. 7, 9. The undersigned explained to Plaintiff that her first and second amended complaints were shotgun pleadings and instructed her how to correct these deficiencies.[1] Doc. 7 at 3-7; Doc. 9 at 2-5. The undersigned also warned Plaintiff that her failure to correct these deficiencies likely would result in dismissal of this action for failure to comply with the Federal Rules of Civil Procedure and failure to comply with an order of the court. Doc. 7 at 15; Doc. 9 at 17.

---

[1] The undersigned also identified other deficiencies in Plaintiff's amended complaints—requesting relief likely barred by the *Younger* abstention doctrine, asserting *Bivens* claims against state officers, and asserting section 1983 claims likely barred by various immunities—and instructed Plaintiff how to correct these deficiencies. Doc. 7 at 8-11; Doc. 9 at 5-14.

Now before the District Court is Plaintiff's third amended complaint. Doc. 10. She is suing ten defendants—all of whom are related in some capacity to her criminal prosecution in state court—in their official and individual capacities. *Id.* at 7-8. Plaintiff asserts that she "has been subjected to unlawful deprivation of a constitutionally protected liberty interest and property interest via trespass by fraud upon the court through malfeasance of office and prosecutorial misconduct resulting in constitutional emoluments in violation of U.S. Constitution Article I, Section 9, Clause 8; 26 U.S.C. § 7214"; and 18 U.S.C. §§ 241, 242, 1951, 2381, 2382, and 3281. *Id.* 6, 16-18 (errors in original) (footnote omitted). As relief, Plaintiff requests $300,000 in compensatory damages, $500,000 in punitive damages, and various forms of injunctive relief.[2] *Id.* at 6, 18-19.

## II. DISCUSSION

A civil "complaint must contain sufficient factual matter, accepted as true," to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[2] Plaintiff requests that she be paid in "Red Seal Silver Certificates, Post Office Treasury Money Orders, or other bullion certified funds." Doc. 10 at 19.

A so-called "shotgun" pleading is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1325 (citing *Weiland*, 792 F.3d at 1322).

Shotgun complaints "waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008)). Because it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations," when a district court receives a shotgun complaint, it is required to "strike [the complaint] and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). If the party squanders its opportunity by filing another shotgun pleading, the district court nevertheless can dismiss the complaint. *Barmapov*, 986 F.3d at 1326; *Vibe Micro, Inc.*, 878 F.3d at 1295.

Although courts hold allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers, courts may not "rewrite an

otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014); *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

A.   **Plaintiff's Third Amended Complaint Is a Shotgun Pleading**

Plaintiff's third amended complaint is convoluted. Plaintiff requests judicial notice that she is "Highly Favored Shekinah El, formerly known as Syteria Hephzibah d/b/a Moorish Science Temple of America / Court of Equity and Truth (10105905 Tax Immunity Number for the Asiatic Nation of North America)," and a "**Moor American State National *jus sanguinis* Autochthonous American** within the meaning of *Dred Scott*." Doc. 10 at 2 (errors and emphasis in original). She contends that she "**is not a Citizen, Person, Resident, or Employee of the UNITED STATES Government (Corporation)**" and " **does hereby Asseverate, Repudiate and Revoke any Citizenship, if any ever existed, with the legal fiction known as the "UNITED STATES" Government (Corporation), USA, Inc., and any and all subsidiary corporations both known (STATE, COUNTY, CITY) and unknown under its control**." *Id.* at 6-7 (errors and emphasis in original).

Additionally, *more than four pages* of Plaintiff's third amended complaint are devoted to "challeng[ing], openly rebuk[ing], reject[ing], and fully rebut[ting] the syllogism of the Private Bar Guild's twelve (12) presumptions of the 2nd Jud. Cir. #2015CF3444A Court." *Id.* at 10-14 (errors in original). According to Plaintiff, the

"Private Bar Guild's twelve presumptions" are the presumption of (1) public record, (2) public service, (3) public oath, (4) immunity, (5) summons, (6) custody, (7) court of guardians, (8) court of trustees, (9) government as executor/beneficiary, (10) executor de son tort, (11) incompetence, and (12) guilt. *Id.* at 10. Plaintiff does not explain how, if at all, any of these alleged "presumptions" support her claims.

Furthermore, Plaintiff's third amended complaint contains several paragraphs of incoherent allegations similar to the following:

> [Plaintiff] is claiming the minor estate and having taken dominion over the Air (canon law, trust/estate law), the Land (equity law, superior titles), and the Water (contract law, admiralty/maritime), as [Plaintiff] is commanded by Allah The Exalted and Majestic, as [Plaintiff] possesses a private express trust given to her as the General Guardian General Executor/Beneficiary with a as fiduciary duty and responsibility to act in the best and most honorable position on behalf of her heirs / beneficiaries, successors, and/or assigns, forever, thus taking dominion of the juris of the Air, and thereby having an express trust overriding any implied trust.

Doc. 10 at 14 ¶ 18; *see id.* at 14-15 ¶¶ 17, 19-20, 23. Finally, Plaintiff offers no factual support for her claims and simply parrots the language of the statutes under which she is attempting to assert claims. *Id.* at 16-17.

As shown above, Plaintiff's third amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325 (citing *Weiland*, 792 F.3d at 1322). Her third amended complaint, therefore, is a shotgun pleading that violates the

Federal Rules of Civil Procedure. For this reason alone, the District Court should dismiss this action.

**B.     The Undersigned Afforded Plaintiff Opportunities to Amend**

The District Court should dismiss this action for a second reason: Plaintiff's repeated failure to comply with the undersigned's orders.

The undersigned previously advised Plaintiff to omit from her amended complaint conclusory, vague, and irrelevant information. Doc. 7 at 6-7. The undersigned also advised Plaintiff that she should include in her amended complaint only the facts that are relevant to the claims she is asserting. *Id.* at 7; Doc. 9 at 5. Plaintiff repeatedly and contumaciously disregarded these instructions and thereby violated the orders issued by the undersigned. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see Costello v. United States*, 365 U.S. 265, 286-87 (1961); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The District Court, therefore, should dismiss this action for this second reason.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **DISMISS** this action with prejudice.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 12th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**